UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| DANTE A. WEBB, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 2:09 CV 375 |
| v. | ) |
| | ) |
| WILLIAM WILSON, | ) |
| | ) |
| Defendant. | ) |

## OPINION and ORDER

Dante A. Webb, a *pro se* prisoner, submitted a complaint under 42 U.S.C. § 1983. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

FED. R. CIV. P. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under Section 1915A as when addressing a motion under RULE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). "In order to state a claim under § 1983 a plaintiff must allege: (1) that defendants deprived him of a

federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

Here, Webb alleges that on March 7, 2009, two canes were taken from him by Officer Ceranowski after Webb was issued a conduct report for disruptive behavior. That report states that when the cane was taken, Webb was unable to prove that he was authorized to have it. Though Webb attaches a doctor's order authorizing him to have a cane, he does not dispute that when the cane was taken, he was unable to prove that he was authorized to have it. Instead, he states that he provided this proof the next day.

The conduct report also states that, "I confirmed with medical he does not have . . . permission to have a cane." (DE # 1 at 8.) Though Webb attaches a note from a doctor stating that he was authorized to have a cane on March 7, 2009, it further explains that there was no record of that authorization in the computer at the time. Webb does not dispute that Officer Ceranowski checked with medical and was told that no such authorization existed. Indeed, that is consistent with the doctor's note that the authorization was not in the computer.

> Officer Ceranowski subjected me to Cruel and Unusual Punishment by taking my canes, a violation under the 8th and 14th amendments. Officer Ceranowski and Mr. Wilson her supervisor are both employees of The State of Indiana, therefore I am following proper procedure with this claim.

(Compl. 3-4.) Webb alleges that William Wilson is liable because he "is the superintendent of this prison therefore responsible, for anything that happens to staff, officers, and inmates." (Compl. 4.) This is incorrect. "The doctrine of respondeat

2

superior can not be used to hold a supervisor liable for conduct of a subordinate that violates a plaintiff's constitutional rights." *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001).

Here, Officer Ceranowski did not violate Webb's rights, therefore there is no basis for finding that either she or Superintendent Wilson are liable to him. Though Webb cites to both the Eighth and Fourteenth Amendments, because he has been convicted, it is the Eighth Amendment that prohibits the imposition of cruel and unusual punishments. *See Palmer v. Marion County*, 327 F.3d 588, 593 (7th Cir. 2003). A violation of the Eighth Amendment's Cruel and Unusual Punishments Clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of deliberate indifference to the deprivation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

> Conditions of confinement must be severe to support an Eighth Amendment claim; "the prison officials' act or omission must result in the denial of 'the minimal civilized measure of life's necessities.'" *Farmer* [*v. Brennan*, 511 U.S. 825, 834 (1994)] (*quoting Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). *See also, Lunsford v. Bennett*, 17 F.3d 1574, 1579 (7th Cir. 1994) (the Eighth Amendment only protects prisoners from conditions that "exceed contemporary bounds of decency of a mature, civilized society."); *Jackson* [*v. Duckworth*,] 955 F.2d [21,] 22 [(7th Cir. 1992)].

*Morissette v. Peters*, 45 F.3d 1119, 1123 (7th Cir. 1995) (parallel citations omitted).

Here, the facts presented in the complaint do not meet either prong of this test. Taking his canes did not deny Webb the minimal civilized measure of life's necessities.

Therefore taking them is, in this case, merely a restriction on mobility. Prison is inherently a restriction on the mobility of a prisoner. Therefore there was no legal requirement that Webb be permitted to have these canes in prison because a cane can easily be used as a weapon. Here, Webb's canes were taken when he was issued a conduct report for disruptive behavior.

> When the ever-present potential for violent confrontation and conflagration, ripens into actual unrest and conflict, the admonition that a prison's internal security is peculiarly a matter normally left to the discretion of prison administrators carries special weight. Prison administrators should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security. That deference extends to a prison security measure taken in response to an actual confrontation with riotous inmates, just as it does to prophylactic or preventive measures intended to reduce the incidence of these or any other breaches of prison discipline.

*Whitley v. Albers*, 475 U.S. 312, 321-322 (1986) (quotation marks, citations, and ellipsis omitted).

Neither was Officer Ceranowski deliberately indifferent. Deliberate indifference is "something approaching a total unconcern for [the plaintiff's] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." *Duane v. Lane*, 959 F.2d 673, 677 (7th Cir. 1992). This total disregard for a prisoner's safety is the "functional equivalent of wanting harm to come to the prisoner." *McGill v. Duckworth*, 944 F.2d 344, 347 (7th Cir. 1991).

> [C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided

4

> not to do anything to prevent that harm from occurring even though he could have easily done so.

*Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (quotation marks, brackets, and citation omitted).

> Negligence on the part of an official does not violate the Constitution, and it is not enough that he or she should have known of a risk. Instead, deliberate indifference requires evidence that an official actually knew of a substantial risk of serious harm and consciously disregarded it nonetheless.

*Pierson v. Hartley*, 391 F.3d 898, 902 (7th Cir. 2004) (citations omitted). It is not enough to show that a defendant merely failed to act reasonably. *Gibbs v. Franklin*, 49 F.3d 1206, 1208 (7th Cir. 1995). Even medical malpractice and incompetence do not state a claim of deliberate indifference. *Walker v. Peters*, 233 F.3d 494 (7th Cir. 2000).

Here, Webb was unable to demonstrate that he was authorized to have a cane. Nevertheless, Officer Ceranowski called medical to check. Because of issues unrelated to Officer Ceranowski, the computer contained no record that Webb was authorized to have a cane and medical told her that he was not authorized to have one. Even though the computer and medical were wrong, Officer Ceranowski did not know that when she took the canes. She tried to verify his claim to the canes, but was unable to do so. Then, after he became disruptive, she took his canes. This was not deliberately indifferent. Rather it was conscientious. Though Webb alleges that Superintendent Wilson did not properly train Officer Ceranowski, because she did nothing wrong, there is no basis for liability premised on such a claim.

For the foregoing reasons, this case is **DISMISSED** pursuant to 28 U.S.C. § 1915A.

**SO ORDERED**.

Date: November 25, 2009

                                        s/James T. Moody
                                        JUDGE JAMES T. MOODY
                                        UNITED STATES DISTRICT COURT